IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY L. NORRIS,
    Plaintiff,

v.                                                    Case No.:  3:08cv353/WS/EMT

T AND A AMERICAN CAR CARE
CENTER, INC., et al.,
    Defendants.
_____/

## ORDER

On January 15, 2009, Plaintiff filed a Motion to Compel Discovery, in which Plaintiff sought an order requiring that Defendant provide documents responsive to Plaintiff's Request for Production of Documents ("RFPs") (Doc. 22). In pertinent part, Plaintiff stated that he served Defendants with RFPs on or about November 25, 2008, but as of January 15, 2009, no responsive documents had been provided to Plaintiff (*id.*). On January 22, 2009, this court issued orders requiring the parties to meet and confer in a good faith effort to resolve the issues raised in Plaintiff's motion, and if the matter could not be resolved, requiring Defendants to file a response to Plaintiff's motion on or before January 28, 2009 (*see* Docs. 28, 29). The court further advised the parties, that:

> If the court is required to resolve any part of the discovery matter, the prevailing party, who will be determined by the court, will be awarded costs and expenses, including, but not limited to: (1) the time required to personally confer with opposing counsel, (2) the time required to file its discovery motion or response, and, if necessary, prepare for, travel to, and attend any hearing on the motion, and (3) the actual costs incurred for court reporting, travel, sustenance and/or accommodations for a hearing on the motion (if applicable).  The costs will be paid by the nonprevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on proceeding in the discovery matter against counsel's advice.

(Doc. 29 at 2 ¶ 3).

By February 10, 2009, Defendants had filed no response to Plaintiff's motion; therefore, the court entered an order granting Plaintiff's motion to compel and indicating that Plaintiff was likely entitled to fees and expenses incurred in bringing the motion (*see* Doc. 33). Defendants, however, were given an opportunity to be heard on the matter of sanctions, including whether sanctions are appropriate and whether the amounts claimed by Plaintiff are reasonable. Thus, this matter is now before the court on Plaintiff's Notice of Filing Attorney's Fees Incurred in Bringing Plaintiff's Motion to Compel (Doc. 44) and Defendants' Response thereto (Doc. 48).

Initially, the court notes that Defendants were clearly forewarned that sanctions would be imposed if the court was required to resolve the matter (*see* Doc. 29). Moreover, Defendants failed altogether to respond to the motion to compel, as ordered by the court, and they have yet to explain their apparent failure to timely respond to Plaintiff's RFPs. Furthermore, Defendants' instant response regarding the matter of sanctions, does not address the appropriateness of the imposition of sanctions, in light of fact that the motion to compel was granted; rather, Defendants complain that sanctions should not be awarded only because Plaintiff's documentation in support of sanctions reveals that a non-licensed attorney performed much of the work claimed by Plaintiff (*see* Doc. 48).

Rule 37(a)(5) provides, in relevant part:

> (A) If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted —or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) tho opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Here, the motion to compel was granted, Plaintiff conferred with Defendants before filing the motion in a good faith effort to obtain RFP responses from Defendants (*see* Doc. 22), and Defendants have identified no circumstance that would make an award of expenses unjust (nor is

the court aware of any such circumstance). To the extent Defendants contend that an unlicensed attorney (in this case a lawyer that has apparently passed the Florida bar examination but has not yet been admitted to the Florida Bar (*see* Doc. 44)) is not permitted to work under the guidance of a licensed attorney, Plaintiff is mistaken. Indeed paralegals regularly work under the supervision and guidance of licensed attorneys, as do law students and student interns. In short, Defendants' argument is unavailing. Accordingly, Plaintiff is entitled to fees and expenses occurred in bringing the motion to compel.

Plaintiff's counsel seeks fees for 3.35 hours of work he and his assistant performed at a rate based on prevailing market rates, that are to be determined by the court "us[ing] its inherent discretion" (Doc. 44 at 3). Upon careful review of Plaintiff's submission, the court has determined that the time claimed by Plaintiff's counsel is reasonable. Thus, Plaintiff's counsel should be reimbursed for 3.35 hours (*see* Doc. 44 ¶¶ 2(a) – 2(n)). Since a specific rate has not been requested by counsel for Plaintiff, the court will use the amount provided for in the Equal Access to Justice Act, 28 U.S.C. § 2412, which generally provides for an award of attorney's fees in the amount of $125.00 an hour.[1]  *See* 28 U.S.C. § 2412(d)(2)(A).

Accordingly, it is **ORDERED**:

1. Within **TEN (10) DAYS** from the date of docketing of this order, Defendants shall pay to Plaintiff's counsel the sum of $418.75 for attorney's fees incurred by Plaintiff in bringing the motion to compel.

2. As previously stated (*see* Doc. 29), the fees will be paid by counsel for Defendants and not charged to the client(s) unless counsel provides written proof that the client(s) insisted on the course of action that precipitated this order, against counsel's advice.

**DONE AND ORDERED** this 9th day of March 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While prevailing market rates may indeed be higher, given that the work was shared between Plaintiff's counsel and his associate, the court finds this amount appropriate.

Case No.: 3:08cv353/WS/EMT